IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: WALTER H. CARTER<br>AND DEBRA K. CARTER | )<br>)<br>)<br>)<br>)<br>) | CHAPTER 7<br><br>BANKRUPTCY NO.<br>11-00759 |

## ORDER ON MOTION FOR RELIEF FROM STAY

This matter is before the court on Creditor Estate of Leon Jerome Heimer's Motion to Lift the Automatic Stay. The Court held an evidentiary hearing on the Motion May 2, 2012. Nicholas T. Larson appeared for Debtors Walter and Debra Carter. Mark L. Walk appeared for the Estate of Leon Jerome Heimer (the "Heimer Estate"). The Court heard the evidence and arguments and took the matter under advisement. Both parties provided supplemental briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## STATEMENT OF THE CASE

The Heimer Estate seeks relief from the automatic stay under 11 U.S.C. § 362(d) to pursue state court remedies against secured collateral, a 2005 Cadillac Escalade (the "Escalade"). Before Debtors' bankruptcy filing, at the direction of the Heimer Estate, the Mitchell County Sheriff levied on the Escalade and took possession. The vehicle remains in the possession of the Mitchell County Sheriff. Debtors object to the Motion for Relief from Stay and contend that the Escalade

must be returned to the Debtors and that the Heimer Estate cannot foreclose on the Escalade. The Court holds that the Heimer Estate is inadequately protected and grants the Motion for Relief from Stay. The Court declines to address any of the other relief requested by the parties because such requests are not properly before the Court.

## FINDINGS OF FACT AND PROCEDURAL BACKGROUND

In 2005, Debtor Debra K. Carter won a 2005 Cadillac Escalade. Debtors used the Escalade to secure a debt of $21,299.79 on two loans with St. Ansgar State Bank (the "Bank"). The Bank perfected its security interest against the vehicle.

Debtors also held an open account with Jerome Heimer. Before this bankruptcy, Heimer passed away and the Heimer Estate took action in Iowa District Court to collect on the open account. The Heimer Estate obtained a money judgment against Debtors in the amount of $30,230.74, plus costs. The Iowa District Court issued a writ of execution to the Mitchell County Sheriff.

On March 15, 2011, the Sheriff levied on the Escalade and scheduled the sale of the vehicle for May 6, 2011. On March 24, 2011, the Heimer Estate paid off the $21,299.79 balance owing to the Bank and assumed the Bank's interest. The Bank then released its security interest on the certificate of title. On March 26, 2011, the Mitchell County Treasurer recorded the lien release on the certificate of

title for the Escalade. Debtors were current on their loan payments to the Bank at that time.

On April 6, 2011, Debtors filed a Chapter 7 petition. On Schedule C, Debtors claimed a combined $13,600.00 in exempt value on the Escalade under Iowa Code § 627.6(9)(a), which provides an individual exemption of up to $7,000.[1] No party objected to Debtors' claimed exemption.

On July 20, 2011, Debtors filed a Motion to Avoid Judicial Lien under § 522(f). The Motion argued the Heimer Estate's lien rights resulted entirely from a judicial lien that impaired Debtors' exemption in the Escalade. On July 28, 2011, the Heimer Estate resisted and argued its lien consisted of two parts: (1) a consensual security interest it acquired from buying out the Bank, and (2) a judicial lien from its original open account judgment. The Estate argued that only the judicial lien partition could be avoided under § 522(f).

On July 29, 2011, the Heimer Estate filed a motion under 11 U.S.C. § 362(d) seeking relief from the automatic stay. The Estate requested the stay relief to satisfy its consensual lien (acquired from the Bank) through a Sheriff's sale. It claimed relief for cause citing a lack of adequate protection. Debtors resisted for several reasons. Debtors claimed that because the Heimer Estate was originally a judgment creditor, that all of the Heimer Estate's claims—including the one

---

[1] The Carters applied $400.00 of their combined exemption to another vehicle.

3

purchased from the Bank during the foreclosure—should be considered avoidable judicial liens. Debtors also argued the Heimer Estate created the adequate protection issue. Finally, the Debtors argued they intend to file a Motion for Turnover or Abandonment of the Escalade.

The Court set a hearing on the Motion to Avoid Lien for August 31, 2011. The Heimer Estate filed a Motion to Continue the Initial Hearing on the Motion for Relief from Stay until after the August 31, 2011 hearing on the Motion to Avoid Lien. The Court granted the Motion to Continue. The parties presented evidence and argument on the Motion to Avoid Lien hearing on August 31, 2011. They filed post-hearing briefs. The initial hearing on relief from stay was held on Sept. 2, 2011. Final hearing was to be set after a ruling on the Motion to Avoid Lien. The Motion for Relief from Stay hearing was continued several times waiting for the Court to rule on the Motion to Avoid Lien.

When the Court ruled on the Motion to Avoid Lien, it determined that the Heimer Estate became subrogated to the rights of St. Ansgar State Bank, a consensual lien holder, when it paid off the Bank's security interest. In re Carter, Bankr. No. 11-00759, 2011 WL 5080153 (Bankr. N.D. Iowa Oct. 26, 2011). The Court concluded the Debtors could not avoid the lien because the Heimer Estate was a consensual lien holder and entitled to all the rights and privileges the Bank previously held. Id.

4

The Debtor appealed.  The Hearing on the Motion to Lift Stay was again continued while the matter was on appeal.  The Bankruptcy Appellate Panel eventually upheld the determination.  In re Carter, 466 B.R. 468 (B.A.P. 8th Cir. 2012).

After the Bankruptcy Appellate Panel's ruling, this Court scheduled the hearing on the Motion to Lift Stay for May 2, 2012.  Before this hearing, the Debtors had corresponded with the Heimer Estate in an attempt to regain possession of the Escalade.  The Heimer Estate acknowledged that the Escalade was property of the estate, but refused to return the non-exempt value of the Escalade that was subject to its lien.  The Heimer Estate offered to return the exempt value, if any, after the Sheriff's sale.

The parties presented evidence and arguments at the May 2, 2012 final hearing on relief from stay.  The Heimer Estate presented evidence and argument that the value of its collateral inadequately protects its interest and that the Court should modify or lift the stay.  The Heimer Estate presented evidence on the value of the Escalade to attempt to show lack of adequate protection.  The Heimer Estate claimed the current value of the Escalade was $19,200.  On cross-examination by Debtor, the Heimer Estate's own expert witness testified he would list the vehicle for sale at about $22,000 or $23,000.  Debtors also presented their own evidence of the NADA price guide valuing the Escalade at a retail price of $27,337.

5

Debtors argued for the first time at the hearing that the Escalade was exempt from inclusion in the bankruptcy estate, that the Heimer Estate had an affirmative duty to return the vehicle to the Debtors' possession, and if the vehicle was not returned, that the Heimer Estate could be liable for damages for violating the automatic stay. Moreover, Debtors argued it would be inequitable for the Heimer Estate to pursue a foreclosure remedy which the original creditor, St. Ansgar State Bank, had not, especially as the Debtors have maintained insurance on the vehicle and were not in default prior to the bankruptcy. The Court noted those issues were not previously pled in the Resistance to the Motion to Lift Stay. Debtors filed a post-hearing brief on May 9, 2012. It raised many of the same issues. The Heimer Estate replied on May 14, 2012.

## CONCLUSIONS OF LAW

The Heimer Estate brought a Motion for Relief from Stay under § 362(d) due to lack of adequate protection. Section 362(d)(1) allows for relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." "[A]dequate protection is a question of fact." Martin v. United States (In re Martin), 761 F.2d 472, 474 (8th Cir. 1985). In an action under § 362(d), "the party requesting relief has the burden of proof on the issue of the debtor's equity in property; and . . . the party opposing such relief has the burden

6

of proof on all other issues." 11 U.S.C. § 362(g). This means in an action under § 362(d)(1):

> Once the creditor has established a prima facie case of cause under § 362(d)(1), the debtor has the burden of establishing that the creditor's interest is or will be adequately protected. The debtor must affirmatively propose the method by which it will afford adequate protection and the Court must then determine the adequacy of the debtor's proposal.

In re Lilyerd, 49 B.R. 109, 116 (Bankr. D. Minn. 1985) (citations omitted); see also In re Panther Mountain Land Dev., LLC, 438 B.R. 169, 191–92 (Bankr. E.D. Ark. 2010) (Once a creditor has shown "a prima face case for lack of adequate protection, . . . the burden to prove creditor is adequately protected shifts to the Debtor."); In re Gilbertson Rests. LLC, Bankr. No. 04-00385, 04-00384, 04-00386, 04-00387, 2004 WL 1724876, at *2 (Bankr. N.D. Iowa May 20, 2004) ("Debtor has the burden of establishing that [creditor] is adequately protected.").

"[Adequate protection] is a flexible concept designed to ensure that the creditor receives the value for which it bargained." Id. at *2 (citing Martin, 761 F.2d at 474). The Eighth Circuit has summarized the concept of adequate protection as follows:

> The concept of adequate protection was designed to "insure that the secured creditor receives the value for which he bargained." S. Rep. No. 989, 95th Cong., 2d Sess. 53, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5839 (emphasis added); see also H.R. Rep. No. 595, 95th Cong., 2d Sess. 339, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6295. Congress explicitly stated that value was to be considered a flexible concept "to permit the courts to adapt to

7

varying circumstances and changing modes of financing," and that such matters "are [to be] left to case-by-case interpretation and development." H.R. Rep. No. 595 at 339, 1978 U.S. Code Cong. & Ad. News at 6295; see also S. Rep. No. 989 at 54, 1978 U.S. Code Cong. & Ad. News at 5840. Because Congress intended that value was to be determined on a case-by-case basis, that which is designed to protect value, i.e., adequate protection, must also be determined on a case-by-case basis, permitting the debtors "maximum flexibility in structuring a proposal for adequate protection." In re American Mariner Industries, Inc., 734 F.2d 426, 435 (9th Cir. 1984).

Martin, 761 F.2d at 474 (emphasis original).

"[A] secured creditor's interest in property is not adequately protected if the security is depreciating during the term of the stay." U.S. Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 370 (1988). The classic 'adequate protection' for a secured debt, justifying continuation of the stay, is the existence of an equity cushion." In re Micozzi, Bankr. No. 91-1021-W, 1991 WL 11731156, at *5 (Bankr. S.D. Iowa Nov. 18, 1991). "'[T]he existence of an equity cushion, standing alone, can provide adequate protection.'" In re Rizotto, Bankr. No. 09-6096511, 2009 WL 2477232, at *4 (Bankr. D. Mont. Aug. 11, 2009) (quoting Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1400 (9th Cir. 1984)). Because of the fact-specific nature of the inquiry, courts naturally differ on exactly how much of an equity cushion is required to protect the debtor. However, "'[c]ase law has almost uniformly held that an equity cushion of 20% or more constitutes adequate protection.'" Mendoza v. Temple-Inland Mortg. Corp. (In re Mendoza), 111 F.3d 1264, 1272 (5th Cir. 1997) (quoting In re Kost, 102 B.R. 829,

8

831 (Bankr. D. Wyo. 1989)); see also In re JER/Jameson Mezz Borrower II, LLC, 461 B.R. 293, 305–06 (Bankr. D. Del. 2011); In re McKillips, 81 B.R. 454, 458 (Bankr. W.D. Ill. 1987) (surveying adequate protection cases and finding case law agreement on a 20% equity cushion being sufficient, 10% being insufficient, and cases conflicting in the middle).

At the same time, the lack of a sufficient equity cushion is, without more, not enough to show a lack of adequate protection. In re Panther Mountain Land Dev., LLC, 438 B.R. 169, 191–92 (Bankr. E.D. Ark. 2010) ("'[O]ne who stands only to lose his equity cushion, largely through earning additional interest, hardly seems worse off.'" (quoting In re Lane, 108 B.R. 6, 8–9 (Bankr. D. Mass. 1989))). If lack of an equity cushion were enough, then that would imply "the undersecured creditor always has cause to lift the stay." Micozzi, 1991 WL 11731156, at *5 (citing In re Lane, 108 B.R. 6, 8–9 (Bankr. D. Mass. 1989)). Thus at a minimum, lack of adequate protection requires both the lack of an adequate equity cushion as well as the depreciation of the collateral. In re Lane, 108 B.R. 6, 8–9 (Bankr. D. Mass. 1989) (discussing the implications of Timbers and finding the need for something more than a lack of an equity cushion).

In this case, Debtor failed to establish the Heimer Estate is adequately protected. The parties have presented evidence that at best shows the Heimer Estate has a very slight equity cushion. The greater weight of the evidence shows

9

the Heimer Estate has no cushion or is now undersecured. The Court need not determine the exact amount of Debtor's equity, if any, to decide this motion. Using the estimates of the Heimer Estate's expert witness—which showed the highest credible value for the collateral—the expert provided a maximum value in the range of $22,000 to $23,000. It is undisputed the value of the Heimer Estate's secured claim was $21,299.79 as of the date of the petition. The evidence at the hearing showed that with the accrual of interest the secured claim now exceeds $23,000. Using those figures, Debtor has no equity in the vehicle and the Heimer Estate has no equity cushion. If there is any equity remaining, it is below even 10% and far from the 20% level noted by many cases as an acceptable equity cushion. E.g., In re JER/Jameson Mezz Borrower II, LLC, 461 B.R. at 305–06. In addition, both parties agree the value of the vehicle has declined and is continuing to decline. Thus, even at the highest price the credible evidence supports, the car is simply not worth enough to adequately protect the creditor's interest—especially in light of the declining value.

      Debtors have failed to show the Heimer Estate is adequately protected. To the extent the Heimer Estate seeks to pursue its state law remedies, the request to lift the automatic stay under § 362(d) is granted. To the extent it requests further relief or direction from the Court, that request is denied.

A creditor's motion for the bankruptcy court to lift the automatic stay is not a request for an adjudication of rights; rather, it is a request that the bankruptcy court allow the creditor to pursue its remedies under state law. Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 226–27 (3d Cir. 2008). "The hearing for relief from stay is meant to be a summary proceeding . . . . [I]t is a contested matter, rather than an adversary proceeding." Id. at 226 (citations omitted). Therefore, "'the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims.'" Id. at 226–27 (quoting Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 33 (1st Cir. 1994)).[2] Due to the nature of this proceeding, this Court does not reach the question of what remedies are available to the parties under state law.

Debtors raised a number of arguments in the hearing and post-hearing brief that were not raised in their Resistance to the Motion for Relief from Stay. Debtors suggested that the Heimer Estate violated the automatic stay through its refusal to return the vehicle to the bankruptcy estate and or to the Debtors. Debtors also claim to be entitled to possession of the vehicle. The Court expressed skepticism at the hearing whether these issues were properly raised in pleading or presented for adjudication. The Court further notes these issues do not address or otherwise

---

[2] Other Circuit Courts have reached the same conclusion. See Estate Constr. Co. v. Miller & Smith Holding Co., Inc., 14 F.3d 213, 219 (4th Cir. 1994); In re Vitreous Steel Prods. Co., 911 F.2d 1223, 1230–32 (7th Cir. 1990); Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985), cert. denied, 474 U.S. 828, 106 S. Ct. 88, 88 L. Ed. 2d 72 (1985); Nat'l Westminster Bank, U.S.A. v. Ross, 130 B.R. 656, 658 (Bankr. S.D.N.Y. 1991), aff'd, 962 F.2d 1 (2d Cir. 1991).

11

contest Creditor's motion as they do not relate to the question of adequate protection.

The Debtors specifically requested in post-hearing briefing that "the Court take into account the <u>likelihood</u> of a return of property proceeding, a request for sanctions for violating Automatic Stay [sic] and Discharge Injunction, a successful lien avoidance adversary proceeding . . . ." and other matters. (ECF Doc. No. 70, at 4.) (emphasis added).  The Court does not and cannot take threatened or even likely future action into account in ruling on a pending motion.  The matters have not been raised as part of this proceeding—and are really only appropriately raised by separate motion.  If properly raised, the Court will address them at that time.

The Court does, however, wish to address one matter related to these issues. Counsel for the Heimer Estate has responded to the above arguments by suggesting they are non-sensical, would be frivolous, and counsel for the Debtors would be exposing himself to sanctions for raising such arguments.  The Court previously expressed disagreement with that type of characterization of Debtor's arguments— and does so again here.  The Court holds only that these issues have not been raised to date—and if raised they will be addressed in full at that time.

## CONCLUSION

Section 362(d)(1) of the Bankruptcy Code requires the Court to lift the stay when the creditor is inadequately protected.  Debtors have the burden to show the

Heimer Estate is adequately protected and failed to meet their burden. The request to lift the automatic stay under § 362(d) is granted.

**WHEREFORE**, the Estate of Leon Jerome Heimer's Motion to Lift Automatic Stay (ECF Doc. No. 19.) is **GRANTED** on the terms set forth above.

Dated and Entered: October 3, 2012

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE